UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT BRANDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00572-JPH-MJD |
| | ) | |
| L. MILLER, | ) | |
| KEVIN GILMORE, | ) | |
| SUSAN DECKER, | ) | |
| E. TOVAR, | ) | |
| M. SHROYER, | ) | |
| RUSSEL, | ) | |
| BENEFIEL, | ) | |
| S. CAZEE, | ) | |
| ROBERT MRAZIK, | ) | |
| C. PARR, | ) | |
| RANEY, | ) | |
| MICHAEL OSBURN, | ) | |
| R. BROCHIN, | ) | |
| LAFARY, | ) | |
| K. EWERS, | ) | |
| K. HUNTER, | ) | |
| BLASIGAME, | ) | |
| CHARLENE A. BURKETT, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Complaint and Directing Filing of Amended Complaint**

Plaintiff Robert Brandon is an inmate at the Wabash Valley Correctional Facility. He has sued 18 individual defendants for allegedly violating his constitutional rights. For the reasons explained below, the complaint is dismissed, and Mr. Brandon shall be given the opportunity to file an amended complaint.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

1

Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

All 18 defendants work at Wabash Valley Correctional Facility. Mr. Brandon alleges these individuals have violated his First, Eighth, and Fourteenth Amendment rights.

Most the claims are based on the theory that the defendants "violated administrative policy, produced false conduct report documents, transferred Brandon to restricted housing status without prior conduct reports, and then housed Brandon in a higher security level facility from the accumulation of false conduct reports." Dkt. 1 at p. 4. He further claims that the defendants failed to file numerous grievances, complaints, and appeals. In addition, he alleges that he wrote letters to Charlene Burkett regarding his situation, but she failed to correct it. Dkt. 1 at p. 6.

### III. Dismissal of Complaint

As a preliminary matter, the complaint violates Rule 8 of the Federal Rules of Civil Procedure that requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ." Here, the complaint is long and difficult to follow. The complaint is dismissed for violating Rule 8(a)(2) and for the additional reasons set forth below. *See United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward. . . ."); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (complaint "must be presented with sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a valid claim).

In addition, the complaint contains misjoined claims. "Unrelated claims against different defendants belong in different suits." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)); *see also Antoine v. Ramos*, 497 F. App'x 631, 635 (7th Cir. 2012) (stating "district court should have rejected [plaintiff's] attempt to sue 20 defendants in a single lawsuit raising claims unique to some but not all of them") (citing *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). The Seventh Circuit has explained:

> Out of concern about unwieldy litigation and attempts to circumvent the [Prison Litigation Reform Act's] PLRA's fee requirements, we have urged district courts and defendants to beware of "scattershot" pleading strategies. *E.g., Owens v. Evans*, 878 F.3d 559, 561 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). We target for dismissal "omnibus" complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated defendants. *E.g., Evans*, 878 F.3d at 561; *Hinsley*, 635 F.3d at 952.

*Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018). For example, Count 1 of the Complaint alleges that defendants Gilmore, Russell, Benefiel and Parr violated the plaintiff's constitutional

rights by writing false conduct reports and finding the plaintiff guilty without evidence. This claim is unrelated to Count 2, which alleges that defendants Decker and Mrazik violated the plaintiff's constitutional rights by not processing the plaintiff's grievances, complains and appeals. The complaint is also subject to dismissal because of the number of misjoined claims.

Finally, many of the claims raised in the complaint fail to state a claim upon which relief may be granted. Given the dismissal of the complaint for the reasons set forth above, not every claim raised in the Complaint is discussed below. Only those claims which clearly fail to state a claim for relief are discussed. The purpose of these rulings is to narrow the claims the plaintiff is expected to raise if he files an amended complaint. The complaint is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *L.P. v. Marian Catholic High Sch*., 852 F.3d 690, 696 (7th Cir. 2017) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Accordingly, any claim based on the violation of an administrative policy is dismissed. *See Beley v. City of Chicago,* 901 F.3d 823, 828 (7th Cir. 2018) ("Mere violation of a state statute does not infringe the federal Constitution.") (internal quotation omitted); *Brown v. Randle,* 847 F.3d 861, 865 (7th Cir. 2017) ("[R]emedies in § 1983 suits are for violations of federal law only."). For example, lying on a conduct report may violate prison policy, but a violation of prison policy alone does not violate the Constitution or suggest deliberate indifference. *Schroeder v. Sawall*, 747 F. App'x 429, 431 (7th Cir. 2019) (dismissing claim based on theory that officer's false conduct report violates prison policy and amounts to deliberate indifference per se).

Second, any claim based on the transfer to restricted housing status for "no reason" is dismissed for failure to state a claim upon which relief may be granted. Mr. Brandon has no

constitutional right to be housed in any institution or on any particular unit. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.").

Third, Mr. Brandon alleges that his constitutional rights were violated based on his inability to grieve or otherwise pursue his administrative remedies. This claim is also dismissed for failure to state a claim upon which relief can be granted. The Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). Similarly, "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). As explained in *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right,[1] not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id*. at 1430-31 (internal citations omitted). Because Mr. Brandon had no expectation of a particular outcome of his grievances there is no viable claim which can be vindicated through 42 U.S.C. § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under § 1983).

---

[1] The procedural due process right "exists to ensure that prisoners and detainees can access the courts." *Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008) (citing *Antonelli*, 81 F.3d at 1430). No plausible procedural due process claim based on the grievance process itself can be raised in this case because the plaintiff has invoked the judicial process. *Id.* "If as a practical matter the grievance process is so ineffective as to be unavailable to the prisoner, the only consequence is that he is relieved of the duty to exhaust." *Delgado v. Godinez*, 683 F. App'x 528, 530 (7th Cir. 2017) (citing *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016); *Grieveson*, 538 F.3d at 772 n.3).

Fourth, any claim based on the theory that Mr. Brandon wrote a letter or complaint to a defendant with supervisory authority and that the defendant failed to solve Mr. Brandon's problem is be dismissed. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017); *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right."). Something more than generalized knowledge and inaction is required for personal responsibility.

Given the violation of Rule 8 and the dismissal of claims set forth above, Mr. Brandon may file an amended complaint that cures the deficiencies identified above and asserts viable claims for relief.

## IV. Opportunity to File Amended Complaint

Mr. Brandon shall have **through April 6, 2021, to file an amended complaint**. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."). The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. The plaintiff is further instructed that his amended complaint must not combine multiple lawsuits into a single complaint. *Godinez,* 860 F.3d at 436.

Any amended complaint should have the proper case number, 2:20-cv-572-JPH-MJD and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action may be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 3/8/2021

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT BRANDON
224231
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838