UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT BRANDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00572-JPH-MG |
| | ) | |
| L. MILLER, | ) | |
| KEVIN GILMORE, | ) | |
| SUSAN DECKER, | ) | |
| E. TOVAR, | ) | |
| M. SHROYER, | ) | |
| RUSSEL, | ) | |
| BENEFIEL, | ) | |
| S. CAZEE, | ) | |
| ROBERT MRAZIK, | ) | |
| C. PARR, | ) | |
| RANEY, | ) | |
| MICHAEL OSBURN, | ) | |
| R. BROCHIN, | ) | |
| LAFARY, | ) | |
| K. EWERS, | ) | |
| K. HUNTER, | ) | |
| BLASIGAME, | ) | |
| CHARLENE A. BURKETT, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Amended Complaint and Directing Further Proceedings**

Plaintiff Robert Brandon is an inmate at the Wabash Valley Correctional Facility. He filed an amended complaint against ten Department of Corrections employees for allegedly violating his constitutional rights. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. For the reasons explained below, this action shall proceed against the defendants on specific claims.

1

## I. Screening Standard

Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

The plaintiff was removed from his job and placed in a disciplinary restricted housing unit because the facility needed his bed space. The plaintiff began filing grievances seeking transfer to a housing unit where he would be permitted to work and return to his job. The grievances he submitted to his counselors, R. Mrazik and S. Decker, were thrown away unfiled.

In response to the plaintiff's many grievances, Mrazik, Tovar, Miller, Cazee, Shroyer, Brochen, and Raney worked together to retaliate against the plaintiff by charging him with false conduct reports in violation of the First Amendment. As a result of these false conduct reports, the plaintiff was not permitted to move out of the restricted housing unit and his state court request for sentence modification was denied.

Defendants Parr and Benefiel are allegedly liable to the plaintiff because they found him guilty on all of the conduct reports without evidence or investigation in violation of the Fourteenth

Amendment. The plaintiff states that but for the false conduct reports, he would have been released from prison. He seeks money damages to compensate him for his ongoing false incarceration and for the violation of his federally secured rights.

### III. Discussion of Claims

The amended complaint raises claims under the First, Eighth, and Fourteenth Amendments.

**A. Claims that are Dismissed.**

The plaintiff alleges that his placement in the disciplinary restricted housing unit violated his Eighth and Fourteenth Amendment rights. These claims are dismissed, however, because there are no allegations to suggest that any of the defendants were responsible for the plaintiff's initial placement. *See Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (discussing procedural due process claim). Nor has the plaintiff alleged what conditions he was exposed to that were unconstitutional or the length of this placement. *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017) ("We have held that prolonged confinement in administrative segregation may constitute a violation of the Eighth Amendment ... depending on the duration and nature of the segregation and whether there were feasible alternatives to that confinement.") (internal citations and quotations omitted). In the absence of such allegations, this claim is subject to dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (The complaint allegations "must be enough to raise a right to relief above the speculative level.").

The plaintiff alleges that R. Mrazik and S. Decker's treatment of his grievances violated his First Amendment rights. But "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Grieveson v. Anderson*, 538 F.3d 763, 772 & n. 3 (7th Cir. 2008);

*Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). Accordingly, this claim is dismissed for failure to state a claim upon which relief is granted.

### B. Claims that Shall Proceed

The First Amendment retaliation claims alleged against R. Mrazik, E. Tovar, L. Miller, S. Cazee, M. Shroyer, R. Brochin, J. Raney, C. Parr and Benefil shall proceed as submitted. These defendants allegedly participated in the creation of false conduct reports and subjected the plaintiff to false disciplinary convictions to punish him for filing grievances.

The Fourteenth Amendment due process claims shall proceed against C. Parr and Benefil because they allegedly convicted the plaintiff at a disciplinary hearing without due process. *Williams v. Brown*, No. 20-1858, 2021 WL 1124048, at *3 (7th Cir. Mar. 24, 2021) (concluding that the administrative reversal of a prison disciplinary proceeding does not bar prisoner's due process claim).

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through July 28, 2021,** in which to identify those claims.

The **clerk is directed** to terminate the following defendants on the docket because they were not named in the amended complaint: Kevin Gilmore, Russel, Michael Osburn, Lafary, K. Ewers, K. Hunter, Blasigame, and Charlene A. Burkett. The **clerk is directed** to terminate defendant S. Decker on the docket because the only claim alleged against him is dismissed.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants R. Mrazik, E. Tovar, L. Miller, S. Cazee, M. Shroyer, R. Brochin, J. Raney, C. Parr and Benefil in

the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt [11], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

**SO ORDERED.**

Date: 6/29/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT BRANDON
224231
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic service to Indiana Department of Correction:

    R. Mrazik
    E. Tovar
    L. Miller
    S. Cazee
    M. Shroyer
    R. Brochin
    J. Raney
    C. Parr
    Benefil

    (All at Wabash Valley Correctional Facility)